UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLAN A. KUEHNEMUND,

           Petitioner,

v.

UNITED STATES OF AMERICA,

           Respondent.

_____ /

Criminal Case Number 04-20025
Civil Case Number 07-15174
Honorable David M. Lawson
Magistrate Judge Charles E. Binder

**MEMORANDUM ORDER OVERRULING OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, ADOPTING
RECOMMENDATION, AND DENYING PETITION TO VACATE SENTENCE**

The petitioner, Allan A. Kuehnemund, was convicted of various fraud counts in connection with a scheme to obtain payments under a federal crop insurance program in amounts greater than he was entitled. He was sentence to prison terms totaling 87 months. He filed a petition under 28 U.S.C. § 2255 to vacate his sentence, which the Court referred to Magistrate Judge Charles E. Binder for a report and recommendation. Judge Binder filed a report recommending that the petition be denied, and the petitioner filed timely objections. The Court has conducted a *de novo* review of the matter and concludes that the petitioner's objections lack merit, the magistrate judge correctly decided the issues, and the petition should be denied for the reasons set forth in the report.

The essence of the charges against the petitioner was that he inflated his potato crop production for the years 1994 through 1997 on records submitted to federally-insured crop loss insurers so that he could claim that his baseline crop production was substantial, allowing him to claim falsely a greater loss in later years. The superseding indictment charged Kuehnemund with five counts of violating the False Claims Act, 18 U.S.C. § 287; six counts of making false statements

to influence the Federal Crop Insurance Corporation, in violation of 18 U.S.C. § 1014; one count of making and using false documents to support false insurance claims, in violation of 18 U.S.C. § 1001; and four counts of mail fraud, in violation of 18 U.S.C. § 1341. The jury convicted him of all counts at trial at which the undersigned presided. The petitioner was sentenced to concurrent custody terms of sentences of 87 months for the § 1014 counts and 60 months for the remaining counts.

After his convictions were affirmed on direct appeal, the petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255, alleging that he was denied his right to the effective assistance of counsel guaranteed by the Sixth Amendment, and the government withheld evidence of an agreement it struck with a prosecution witness named Richard Nixon. The Court referred the motion to Magistrate Judge Binder.

Judge Binder considered the submissions of the parties, including affidavits submitted by the petitioner from individuals who averred that they would be able to testify to facts that would have undermined the credibility of witness Nixon, and an affidavit of trial counsel, Frank Reynolds, submitted by the government. Judge Binder did not conduct an evidentiary hearing, having concluded that he could determine the matter based on the parties' written submissions. Judge Binder concluded that there was no evidence of an agreement between Nixon and the government, so there was nothing to disclose. He also found that attorney Reynolds's performance was not substandard, and the petitioner suffered no prejudice as a result. The petitioner objected to Judge Binder's recommendation that the motion be denied.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection

requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir.1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

Most of the petitioner's objections are very general and do not explain the basis for the objection. First, he states that he "objects to all" of the report and recommendation. Obj. at 1. This objection is non-specific and will be overruled on that basis.

Next, the petitioner states that he did not include all of his ineffective assistance of counsel claims because the instruction of the section 2255 form is that "[n]o citation of authority need be furnished." Obj. at ¶ 1. He believed that "he could raise additional issues in an evidentiary hearing." *Ibid.* He also states that he does not have access to the local rules and notes that the "Supreme Court holds allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers." Obj. at ¶ 3 (citing *Hains v. Kerner*, 404 U.S. 519 (1972)). The Court must reject these contentions. The petitioner's claim of confusion is not well taken in light of the clarity of the standard section 2255 form. Although the form absolves the petitioner of the need to cite legal authority, the form plainly requires him to identify the grounds supporting the relief he requests. The idea that a general complaint about an attorney would hold a place to permit specific claims at some later date is not suggested by any form, rule, or statute; rather, it appears to be an invention of the petitioner. In all events, there is no valid basis for the petitioner's belief that he could proceed in such a manner.

The petitioner did, however, ask for an evidentiary hearing. Under section 2255, a federal prisoner challenging his conviction is entitled to "a prompt hearing" at which the court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. However, "[t]he statute 'does not require a full blown evidentiary hearing in every instance . . . . Rather, the hearing conducted by the court, if any, must be tailored to the specific needs of the case, with due regard for the origin and complexity of the issues of fact and the thoroughness of the record on which (or perhaps, against which) the section 2255 motion is made.'" *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (citing *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). Moreover, when, as here, "'the trial judge also hears the collateral proceedings . . . that judge may rely on his recollections of the trial in ruling on the collateral attack.'" *Id.* at 551 (quoting *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)).

This Court had the benefit of presiding over the petitioner's trial, witnessed the performance of the petitioner's trial counsel, and was able to assess the relative importance of Richard Nixon, the government's witness. The Court finds that an evidentiary hearing is not necessary to resolve the issues raised in the petitioner's motion.

The petitioner contends that his "<u>main argument</u> for his § 2255 motion is the overall ineffective assistance of his counsel who represented him as both trial counsel and on Direct Appeal." *Id.* at ¶ 4. He references arguments made "in the Exhibit section of Petitioner's reply brief." *Ibid.* He also argues that procedural default will not bar his claims when the same counsel was used at trial and again on direct appeal.

The magistrate judge did not rely on the doctrine of procedural default to recommend denial of the petitioner's motion. Instead, Judge Binder considered trial counsel's affidavit, which

addressed point-by-point the petitioner's claims that attorney Reynolds's performance was ineffective. Judge Binder concluded it was not, and this Court agrees. In making that assessment, there is a component of a credibility determination that must be made. The Court has no trouble resolving that issue in favor of the government here. For instance, Mr. Reynolds averred that he thoroughly discussed with the petitioner the witnesses that would be called at trial (including the individuals who furnished affidavits for the petitioner in the present proceeding), the petitioner was in agreement with those choices, and the decisions were based on trial strategy. The basis of the petitioner's argument is that he insisted that Mr. Reynolds call witnesses to attack Richard Nixon's statements about his prior relationship with the petitioner. The petitioner contends that Nixon's testimony was much more significant that it actually was at trial, and he bolsters that argument by quotations from the trial transcript that are highly edited and taken out of context. Given that conduct by the petitioner, coupled with evidence adduced at trial that the petitioner forged a lien discharge document in order to cause the release of crop proceeds in his favor, the Court concludes that the petitioner's statements about his out-of-court dealings with his trial attorney are not worthy of belief.

This finding also addresses the petitioner's next objection, in which he argues that the magistrate judge relied on his trial counsel's affidavit and ignored the petitioner's response to it. The magistrate judge also "fail[ed] to address" issues raised by the petitioner's response in paragraphs 4 through 29 and 38 through 56. The magistrate judge sides with the affidavit of trial counsel despite the fact that the petitioner disputes this affidavit with his response, backed by "many documented Exhibits." Obj. at ¶ 7. The Court finds that Judge Binder did consider the petitioner's submissions, but he rejected them on the merits. His determination on this score was correct.

Moreover, the petitioner's main contention about the alleged dispute over calling defense witnesses focuses on a tangential area of the proofs. The overwhelming evidence of guilt in the case came from documents submitted by the petitioner himself, coupled with the absence of proof that the petitioner produced anywhere near the quantity of potatoes recited on those documents, not from the testimony of Richard Nixon, his former business partner.

The magistrate judge correctly observed that the two-prong test set forth in *Strickland v. Washington* governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The Supreme Court emphasized that, when assessing counsel's performance, the reviewing court should afford counsel a great deal of deference:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* at 689 (internal quotes and citations omitted). The Court explained that to establish deficient performance, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id.* at 690.

This Court finds that trial counsel's performance was well within the range of acceptable professional norms. His choices were based on strategy and made in full consultation with his client. Trial counsel's defense tactics were vigorous and competently presented. Because there was no proof of deficient performance by attorney Reynolds, the petitioner's ineffective assistance of counsel claim fails. Likewise, there is no evidence of an agreement between the government and witness Nixon. Consequently, the petitioner's request for relief premised on the existence of such an agreement meets a like fate.

The Court finds that the petitioner's objections to Magistrate Judge Binder's report and recommendation lack merit. The petitioner has not demonstrated a right to relief from his conviction.

Accordingly, it is **ORDERED** that the petitioner's objections to the magistrate judge's report and recommendation [dkt #105] are **OVERRULED**.

It is further **ORDERED** that the report and recommendation [dkt #99] is **ADOPTED**.

It is further **ORDERED** that the petitioner's motion to vacate his sentence [dkt #74] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: October 9, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 9, 2008.

s/Felicia M. Moses
FELICIA M. MOSES